IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00339-RJC
(3:06-cr-00133-RJC-1)

| RICHARD BARTON COLEMAN, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of the Respondent's motion to stay the disposition of Petitioner's § 2255 Motion to Vacate. (3:16-cv-00339, Doc. No. 3: Motion to Stay). Petitioner does not oppose the motion.

On September 8, 2010, Petitioner was sentenced as a career offender under § 4B1.2 of the U.S. Sentencing Guidelines Manual to a term of 180-months' imprisonment. In his Motion to Vacate, Respondent contends that he no longer qualifies as a career offender because he no longer has the requisite crimes of violence following the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court struck the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it violated due process because it was unconstitutionally vague.[1]

In the motion to stay, Respondent notes the Supreme Court has granted a petition for a writ of certiorari in Beckles v. United States, No. 15-8544, to consider whether the Johnson Court's conclusion regarding the residual clause under the ACCA should apply to the residual

---

[1] The residual clause of the ACCA provides, in pertinent part, that a "violent felony" is a crime that "involves conduct that presents a serious risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

1

clause of the career offender guideline, and if so, whether Johnson should apply retroactively on collateral review, and whether possession of a sawed-off shotgun is a crime of violence under the guidelines. (Motion to Stay at 1-2).

Because resolution of the issues involved in the Beckles case may have a bearing on the disposition of the issues in Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 60-days from the date the Supreme Court renders its decision in Beckles v. Unites States to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge